# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Valero Services, Inc., <br>       Plaintiff, <br><br> v. <br><br> United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied, Industrial, and Service Workers International Union, Local Union No. 13-423, <br>      Defendant. | Civil Action No. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Valero Services, Inc. ("Plaintiff" or "Valero") files this Original Complaint against Defendant United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied, Industrial, and Service Workers International Union, Local Union No. 13-423 ("Defendant" or "Local 13-423") for declaratory and injunctive relief.  In support, Plaintiff would show as follows:

### INTRODUCTION

This dispute arises out of a grievance filed by Defendant, a labor organization, over the termination of one of Plaintiff's employees, Michael Johnson. Defendant has pursued arbitration of the grievance through the Federal Mediation and Conciliation Service (FMCS), despite having previously entered into a "Last Chance Agreement" waiving the Defendant's right to arbitrate any grievance arising out of Johnson's termination.  Plaintiff seeks a judicial declaration, pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), that this dispute is not arbitrable under the parties' Last Chance Agreement and a preliminary (if necessary) and permanent

injunction enjoining the union from pursuing arbitration of the grievance arising out of Johnson's discharge.

For its complaint against Defendant, Plaintiff alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a Delaware corporation with its principal place of business in the State of Texas. Valero's employees operate a petroleum refinery in Port Arthur, Texas.

2. Defendant is, upon information and belief, a labor organization with an office in Port Arthur, Texas.

3. Valero employs a number of workers who are represented for purposes of collective bargaining by Local 13-423. Those employees are covered by a collective bargaining agreement (the "CBA") with a term of February 1, 2019 to February 1, 2022. A true and correct copy of the CBA is attached as **Exhibit A**.

4. On or around March 1, 2022, Plaintiff and Defendant entered into a letter of agreement (the "Extension Agreement") to extend the terms of the CBA from February 1, 2022 through January 31, 2026. A true and correct copy of the Extension Agreement is attached as **Exhibit B**.

5. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331, because this action implicates a question under federal law.

6. This Court has federal question jurisdiction over this action by reason of Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, which authorizes this Court to decide issues involving a breach, or anticipatory breach, of a collective bargaining agreement.

7. This Court has authority to grant the requested relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 et seq., and Federal Rules of Civil Procedure 57 and 65 since this

action concerns a breach or threatened breach of a labor agreement, as well as Plaintiff's request for a declaratory judgment and injunctive relief.

8. Venue is proper in the Eastern District of Texas, Beaumont Division, pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events or omission giving rise to this claim occurred in Jefferson County, Texas.

## **FACTS**

9. Michael Johnson ("Johnson") was employed by Valero as a Head Operator at the Port Arthur refinery. In that position, he was represented for purposes of collective bargaining by Local 13-423 and was covered by the CBA.

10. On or around April 7, 2021, Valero management discovered that Johnson committed significant performance infractions related to an operational misalignment, including failing to report or document a potential product quality incident that could have lead to the possibility of Environmental Protection Agency and Department of Transportation issues.

11. On or around April 12, 2021, Valero, Local 13-423, and Johnson ("the Parties") entered into an agreement (the "Last Chance Agreement") whereby the Parties agreed Johnson would receive a Final Warning in lieu of termination. A true and correct copy of the Last Chance Agreement is attached as **Exhibit C**.

12. The Last Chance Agreement provides in part:

> Failure to satisfactorily perform all the terms and conditions set forth in this Agreement or to meet the Company's standards and expectations as to [Johnson's] performance will result in immediate termination of Mr. Johnson's employment with the Company. *In consideration for the Agreement, Mr. Johnson and the Union agree not to grieve, arbitrate or pursue legal action of any kind regarding any termination for a period of five years following the signing of this Agreement where such claims arise out of or are related to the collective bargaining agreement.* Nothing herein shall prohibit Mr. Johnson from personally pursuing claims for alleged violations of

3

      statutory prohibitions against employment discrimination or retaliation regarding any such termination.   (emphasis added).

13. Local 13-423 executed the Last Chance Agreement.

14. Johnson executed the Last Chance Agreement.

15. After the signing of the Last Chance Agreement, management at the Port Arthur refinery first learned that on April 6, 2021, Johnson had failed to notify his supervisor of another serious incident and to record the incident in his electronic shift log as required by Valero policy.

16. On or around June 15 2021, Valero informed Johnson and Local 13-423 that Johnson's employment was terminated as a result of the April 6, 2021 incident.

17. Articles XIX and XX of the CBA contain grievance and arbitration procedures for the resolution of certain disputes between Valero and Local 13-423.

18. On or around June 16, 2021, Local 13-423 filed a grievance arising out of Johnson's discharge ("the Grievance").

19. On or around June 21, 2021, Valero responded to the Grievance, noting that "[w]ith the signing of the [Last Chance Agreement], Mr. Johnson and the Union agreed not to grieve, arbitrate or pursue legal action of any kind regarding any termination for a period of five years following the signing of the Agreement where such claims arise out of or are related to the collective bargaining agreement.  There is no contract violation as this grievance is invalid in accordance with the signed [Last Chance Agreement]."

20. Local 13-423 has instituted arbitration proceedings with the Federal Mediation and Conciliation Service (FMCS) pursuant to the CBA, in direct defiance of the Last Chance Agreement.

21. Article XX, Section 3 of the CBA provides: "Any dispute as to the arbitrability of a given matter shall be resolved by a court of competent jurisdiction and not by an arbitrator, unless the parties specifically agree otherwise in writing."

22. Valero and Local 13-423 have not agreed to have an arbitrator determine the arbitrability of the Grievance.

23. Valero has informed Local 13-423 that the Grievance is not arbitrable because the Last Chance Agreement precludes Local 13-423 and Johnson from "griev[ing], arbitrat[ing] or pursu[ing] legal action of any kind regarding any termination [of Johnson] for a period of five years following the signing of this Agreement where such claims arise out of or are related to the collective bargaining agreement."

24. Notwithstanding Valero's objections, Local 13-423 has insisted upon arbitrating the Grievance.

25. To preclude the FMCS or an arbitrator from moving forward with a case without Valero's knowledge or ability to protect its rights, Valero agreed to the selection of an arbitrator and Bruce Ponder (the "Arbitrator") was selected.

26. Arbitration has been scheduled for December 6-7, 2022.

27. Valero has informed the Arbitrator of its objections to the arbitration proceeding and held a telephone conference with the Arbitrator and Local 13-423 on September 8, 2022 to request that the Arbitrator dismiss the Grievance pursuant to the Last Chance Agreement.

28. The Arbitrator has declined to halt or dismiss the arbitration, notwithstanding the uncontroverted fact that the Grievance is not arbitrable under the Last Chance Agreement

## COUNT I
## BREACH OF CONTRACT – LMRA § 301

29. Plaintiff incorporates and realleges the allegations in paragraphs 1 through 28 of the Complaint.

30. The Last Chance Agreement states in plain language that "Mr. Johnson and the Union agree not to grieve, arbitrate or pursue legal action of any kind regarding *any* termination for a period of five years following the signing of this Agreement where such claims arise out of or are related to the collective bargaining agreement."  (emphasis added).

31. The Last Chance Agreement is a supplement to the CBA.

32. The Grievance arises out of and is related to the CBA.

33. Local 13-423's actions in pursuing the arbitration of the Grievance are in derogation of the clear and unambiguous terms of the Last Chance Agreement and violate Section 301 of the Labor Management Relations Act, 29 U.S.C. §185(a).

34. Local 13-423 has breached the Last Chance Agreement by seeking arbitration of a matter that is clearly and unambiguously not arbitrable under the Last Chance Agreement.

35. Local 13-423's actions have caused and will cause harm to Valero unless the arbitration proceeding is terminated.

36. The determination of arbitrability of the present dispute is a matter for judicial determination, and this Court is empowered under Section 301 of the Labor Management Relations Act to enforce the terms of the Last Chance Agreement.

## COUNT II
## DECLARATORY JUDGMENT

37. Plaintiff incorporates and realleges the allegations in paragraphs 1 through 36 of the Complaint.

38. A substantial controversy of sufficient immediacy and reality exists between the parties each of whom have adverse legal interests.

39. This Court has authority, pursuant to Section 301 of the LMRA, to interpret the CBA and any supplements thereto including the Last Chance Agreement.

40. The balance of the factors enumerated by the Declaratory Judgment Act favor granting Plaintiff's requested relief.

41. Valero requests that this Court declare that the subject matter of the Grievance, and the arbitration proceeding currently pending in the FMCS before Arbitrator Ponder, presents a question that is not arbitrable.

42. Valero requests that this Court declare that Local 13-423 has waived the right to pursue a grievance or arbitration arising out of Johnson's termination by entering into the Last Chance Agreement.

43. Valero further asserts this Court should expressly hold the dispute is not subject to the grievance or arbitration provisions of the CBA.

## COUNT III
## INJUNCTIVE RELIEF

44. Plaintiff incorporates and realleges the allegations in paragraphs 1 through 43 of the Complaint.

45. Arbitration is purely consensual. If Valero has not agreed to arbitrate the matter in dispute, it cannot be forced to do so.

46. Here, Valero, Local 13-423, and Johnson expressly agreed that the Last Chance Agreement would preclude Local 13-423 and Johnson from grieving or arbitrating any termination of Johnson's employment for a period of five years following the signing of the Last Chance Agreement, which was signed on April 12, 2021.

47. Nonetheless, Local 13-423 is now attempting to compel Valero to arbitrate Local 13-423's Grievance arising out of Johnson's termination.

48. Based on the clear and unambiguous terms of the Last Chance Agreement, the precise issue which Local 13-423 seeks to arbitrate is not arbitrable.

49. Valero would suffer irreparable harm if it is forced to arbitrate a dispute that it did not agree to arbitrate.

50. Specifically, Valero will suffer irreparable harm if it is required to arbitrate the dispute concerning Johnson's discharge.

51. The balance of equities weighs in Valero's favor.

52. Public policy is best served by preventing Valero from being compelled to arbitrate a dispute that it did not agree to arbitrate.

53. Therefore, the Court should enter an order permanently enjoining the arbitration of the Grievance, pursuant to Federal Rule of Civil Procedure 65.

54. In the event Local 13-423 does not agree to abate the arbitration pending the Court's resolution of this dispute, Plaintiff will seek a preliminary injunction.

55. A preliminary injunction is appropriate because:

    a. The unambiguous language of the Last Chance Agreement clearly prohibits Local 13-423's attempts to arbitrate the matter in dispute. Therefore, there is a substantial likelihood that Plaintiff will prevail on the merits.

    b. Plaintiff will be irreparably harmed if it is forced to arbitrate a matter that is unequivocally not arbitrable.

    c.    A preliminary injunction will not harm Local 13-423 or any harm is substantially outweighed by the harm Plaintiff will suffer if arbitration is not stayed.

    d.    An injunction will not undermine any public interest.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to:

1) promptly hear this matter and stay the arbitration proceedings commenced by Defendant against Plaintiff before the FMCS;

2) enter judgment in favor of Plaintiff and against Defendant on Count I;

3) enter declaratory judgment in favor of Plaintiff and against Defendant as requested in Count II;

4) if necessary, preliminarily enjoin Defendant from arbitrating the Grievance as requested in Count III

5) permanently enjoin Defendant from arbitrating the Grievance as requested in Count III; and

6) grant such other relief as this Court deems just and proper.

Respectfully Submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Jeff S. Mayes*
Jeff S. Mayes, Attorney-in-Charge
Texas Bar No. 00797025
Federal ID No. 22129
Ryan J. Swink
Texas Bar No. 24107940
500 Dallas Street, Suite 3000
Houston, Texas   77002
Telephone (713) 655-0855
Fax (713) 655-0020
jeffrey.mayes@ogletree.com
ryan.swink@ogletree.com

**ATTORNEYS FOR PLAINTIFF**